Dear Representative Kleckley:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. You have requested an opinion concerning whether La.R.S. 51:2247.1, which outlines a woman's right to breastfeed, applies to a church or place of worship.[1]
It is the opinion of this office that La.R.S. 51:2247.1 should not be interpreted to apply to a church.
The relevant discrimination laws pertaining to this request are set forth in Title 51, Chapter 38, entitled Louisiana Commission on Human Rights, codified at La.R.S. 51:2231, et seq. These statutes were enacted to provide for execution within Louisiana of the policies embodied in the Federal Civil Rights Acts and the Age Discrimination Act.[2] Particularly, the law relating to the right to breastfeed and discrimination thereof is found under La.R.S. 51:2247.1, which provides, in pertinent part:
 * * *
B. Right to breastfeed. Notwithstanding any other provision of law to the contrary, a mother may breastfeed her baby in any place of public accommodation, resort, or amusement.
 * * *
From the plain language of the statute, La.R.S. 51:2247.1 only applies to any place of public accommodation, resort or amusement. Thus, a determination must be made as to whether a church falls within the definition of public accommodation, resort, or amusement. La.R.S. 51:2232 provides the definitions applicable to Title 51, stating in pertinent part: *Page 2 
(10) "Place of public accommodation, resort, or amusement" means any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public, or which is supported directly or indirectly by government funds. However, a bona fide private club is not a place of public accommodation, resort, or amusement if its policies are determined solely by its members and its facilities or services are available only to its members and their bona fide guests.
Traditionally, a church has been recognized as "a building for public and especially Christian worship."[3] When the concept of "church" is compared to the above language, it is unclear whether a church would be included in the definition set forth in La.R.S. 51:2232. In addition, we are unaware of any Louisiana case law that is precisely on point. However, there is ample federal case law interpreting the definition in reference to church institutions.[4] Consistently, the federal courts have held that a church does not qualify as place of "public accommodation" reasoning that churches are distinctly private in nature and generally do not receive governmental assistance. See generally Vargas-Santana v.Boy Scouts of America, 2007 WL 995002, 6; Saillant v. City ofGreenwood, No. IPO1-1760, 2003 WL 24032987, 7 (S.D.Ind. Apr.17, 2003);Traggis v. St. Barbara's Greek Orthodox Church,851 F.2d 584, 590 (2d Cir. 1988). In lending further support, other state courts have followed this position and have declined to interpret a church as a place of public accommodation. SeeWazeerud-Din v. Goodwill Home Missions, Inc.,325 N.J.Super. 3, (N.J.Super. 1999) (holding that religious residential addiction program in a church was not a place of public accommodation under New Jersey law). Accordingly, it is not reasonable to interpret Louisiana's definition of a place of public accommodation, resort, or amusement to include a church.[5]
Therefore, it is the opinion of this office that a church is not a place of public accommodation, resort, or amusement and is not subject to the provisions of La.R.S. 51:2247.1.
I trust this adequately answers your question. Should you require further assistance, please contact our office. *Page 3 
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MERIDITH J. TRAHANT Assistant Attorney General
JDC/MJT/ard
[1] It is important to note that Trinity Baptist Church in Lake Charles, the church involved with this opinion request, has set aside a number of small rooms for mothers who wish to breastfeed their children while on the church's premises.
[2] La.R.S. 51:2231.
[3] See Merriam-Webster Online Dictionary (2010).
[4] While each court may be interpreting a slightly different definition of public accommodation, resort, or amusement, the federal courts have consistently held that churches are not considered within the definition of public accommodation.
[5] Our laws should be construed to avoid governmental entanglement with religion. The First and Fourteenth Amendments permit hierarchical religious organizations to establish their own rules and regulations for internal discipline and government, and to create tribunals for adjudicating disputes over these matters. When this choice is exercised and ecclesiastical tribunals are created to decide disputes over the government and direction of subordinate bodies, the Constitution [of the United States] requires that civil courts accept their decisions as binding upon them. Serbian Eastern Orthodox Diocese for U. S. of Americaand Canada v. Milivojevich, 426 U.S. 696, 724-725, (1976).